## BONSELL *v.* UNITED STATES.

Under the criminal code of Iowa, an accessary before the fact may be indicted and convicted as principal.

### ERROR, *to Linn District Court.*

*Stephen Whicher*, for the plaintiff in error.  The indictment charges the plaintiff in error with larceny.  The testimony is all set forth in the bill of exceptions, in which there is no pre-

Bonsell v. United States.

tence that the plaintiff in error committed the larceny, nor was it ever in any place so contended ; but the prosecution is sought to be sustained by our statute, which reads as follows : " Section 44. Accessories before the fact shall be deemed principals, and may be charged in the indictment with having committed the principal offence." *Rev. Stat.*, 153.

To this the plaintiff replies : 1. The 46th section of the same act, which enacts that " the body of an indictment shall be considered as made up of charges and specifications." 2. The sixth article of the amendment to the constitution of the United States : " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, &c., and to be informed of the nature and cause of the accusation." The statute relied on for the prosecution is in conflict with this clause of the constitution. The court should have granted a new trial.

*E. H. Thomas* and *C. Bates*, for the U. S. The indictment in this case charges the defendant in the court below with having stolen a mule. His counsel contend that the evidence did not establish that charge. It is not contended, but that the evidence fully established the fact that he was guilty as an accessary before the fact.

If he was accessary to the stealing of the mule before the larceny, does not our statute make him guilty of the larceny itself ? It in effect declares all accessaries · before the fact principals. If accessaries are deemed principals, then the same evidence that would be sufficient to establish his guilt as accessary, would establish his guilt as principal. *Rev. Stat.* 153, sec. 44, is in this language : " Accessaries · before the fact shall be deemed principals, and may be charged in the indictment with having committed the principal offense."

But it is contended by counsel that the above section is inconsistent with a part of the 46th section, which states, " That the body of an indictment shall be considered as made up of charges and specifications."

Wherein this is inconsistent with that, I am unable to perceive. In this case, the body of the indictment is certainly

Bonsell v. United States.

made up of the charges and specifications, and consequently is liable to no well-founded objection on this ground.

But it is farther insisted that said 44th section is in violation of the clause of the 6th article of the amendment to the constitution of the U. S., which states that, " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," &c., " and to be informed of the nature and cause of the accusation."

Wherein does this conflict between this law and this clause of the constitution consist?

The accused in this case was fully informed of the nature and cause of accusation.

That the legislature had a right to declare an accessary before the fact a principal in the act, can hardly admit of a doubt. And, if so, then the evidence that would establish the fact that he was accessary before the fact, would also establish the fact that he was principal. In treason, riot, trespass, &c., all are principals ; and may not the legislature make all concerned in larceny, before the crime is actually committed, principals? 1 U. S. Dig., 40, §§ 8, 12, and 13.

*Opinion by* WILLIAMS, C. J.    The defendant, Jacob Bonsell, was tried in the district court of Linn county, at March term, 1844, on a charge of larceny, for stealing a mule.    A verdict of the jury empanneled and sworn to try the cause on the plea of not guilty, was rendered, finding him guilty of the charge in the indictment.    A motion to set aside the verdict, and arrest the judgment, was made, 1. Because the court has no authority in law to sentence the defendant, on the finding of the jury.    2. The indictment is defective and insufficient.

The motion for a new trial was made on the ground, that the verdict of the jury was contrary to the law and the evidence.    Also, that the defendant was charged in the indictment as a principal, whereas the evidence submitted to the jury, if it proved him guilty of anything in the matter, could only make him accessary before the fact.

These motions were overruled by the court. To this ruling of the court, the attorneys for the defendant excepted. This cause being here on the bill of exceptions then taken, the only question for adjudication by this court is as to the ruling of the court below, by which it was adjudged that an accessary before the fact might be indicted, tried, convicted, and punished as a principal, under our criminal laws. The 44th section of the act entitled, an act regulating criminal proceedings, *Rev. Stat.*, 153, is as follows: " Accessaries before the fact shall be deemed principals, and may be charged in the indictment, with having committed the principal offense." This enactment of the legislature is couched in terms of plain import, presenting to the mind the intention of the law, free of any doubt whatever. The history of criminal jurisprudence has furnished ample evidence to establish the fact, that the cunning and cautious conceiver of crime, often in the use of available appliances, procures its perpetration by the hand of the reckless and desperate. Doubtless, the legislature acted in accordance with sound morality and reason, by providing that offenders equally guilty of crime shall be indicted, tried, convicted, and punished in the same manner. The counsel for defendant relies on the 46th section of the same act, cited by the attorney for the United States, which is as follows, section 46, " The body of the indictment shall be considered as made up of charges and specifications." We cannot see that there is any defect in the indictment, which would render it bad, in view of the requirements of this section. The indictment charges that the defendant " on the twenty-first day of January, one thousand eight hundred and forty four, in Linn county, aforesaid, a certain mule of the value of thirty dollars, of the goods and chattels of one Mullinea, an Indian of the Sac and Fox tribe of Indians, then and there being found, feloniously did steal, take, and drive away," &c. This, we think, is a direct charge of felony; and, being made by the statute proper and legal, defendant must be presumed to have known the law in force at the time the offense was alleged to have been committed by him; by virtue of which an accessary

was deemed as a principal, and as such indicted and tried. We cannot see any conflict between these sections of the statute, or how the defendant, who, as appears by the verdict of the jury on the evidence, which accompanies the bill of exceptions of record, was found guilty of procuring, aiding, and abetting another in the commission of the offense, could have suffered grievance by reason of the want of more particular specification as to the manner and extent of his participation in the felony charged.

The sixth article of the constitution of the United States is also relied on to render inoperative the 44th section of the act above cited. This provides, that the accused "shall be informed of the. nature and cause of the accusation." Does not the indictment here plainly set forth the nature and cause of the accusation? It is true the precise acts in detail are not specifically set forth in the indictment, nor is the manner in which they were done alleged, otherwise than is customary in cases of this kind. But the cause of accusation is, the stealing, taking, and driving away the property of another, and the nature of this wrong, so alleged to have been done by him, is averred to have been felonious. The act of the legislature does not conflict with the constitution in the points suggested on the part of defendant, nor do we discover that the defendant could suffer wrong, by depriving him of his right to a full and fair trial before a jury of his country.

Judgment affirmed.